REICHERT *v.* PEOPLES STATE TRUST & SAVINGS BANK.

*In re* PETITION OF REIHER.

1. Banks and Banking—Nature of Assessment on Stock.
   Assessment levied against bank stock is somewhat in the nature of an assessment *in rem* and stock may be sold to pay it (3 Comp. Laws 1929, § 11941).

2. Same—Effect of Assessment to Maintain Going Concern.
   Assessment levied against bank stock to keep the bank a going concern has no effect to discharge any part of the statutory double liability of the stockholder levied a year later by bank's receiver (3 Comp. Laws 1929, § 11941).

Appeal from Oakland; Doty (Frank L.), J. Submitted April 11, 1934. (Docket No. 84, Calendar No. 37,754.) Decided June 4, 1934.

Receivership proceedings by Rudolph E. Reichert, State Banking Commissioner, against Peoples State Trust & Savings Bank. On petition of Caroline Reiher and others, stockholders, against Ralph B. Lee, Receiver, to modify a stock assessment. From order dismissing petition, petitioners appeal. Affirmed:

*A. L. Moore,* for petitioners.

*Ralph T. Keeling* and *Carl H. Pelton,* for defendant receiver.

*Harry E. Howlett,* for intervener Ashbaugh, receiver of First National Bank of Pontiac.

*Patterson & Patterson* and *C. D. Underwood,* for intervener McPherson, receiver of Pontiac Commercial & Savings Bank.

*Patrick H. O'Brien,* Attorney General, and *Charles Fitch Cummins,* Assistant Attorney General, for State Banking Commissioner.

Butzel, J. Caroline Reiher, and 72 other petitioners, were stockholders of the Peoples State Trust & Savings Bank, a Michigan corporation, of Pontiac, Michigan. Owing to a shrinkage in value of the bank's assets and the consequent impairment of its capital, the directors of the bank, on March 10, 1930, upon the order of the State banking commissioner, levied a 50 per cent. assessment on its stock. The proceedings were in accordance with 3 Comp.

Laws 1929, § 11941. Petitioners paid the assessment, in the belief that the bank would thereby be enabled to continue. The bank, with its capital thus partially renewed, did continue in business for approximately one year. However, on March 17, 1931, immediately following a large bank failure in the city of Detroit, it was forced to suspend, and, in a suit brought by the banking commissioner, a receiver was appointed. On September 16, 1932, in accordance with the petition theretofore filed, the receiver was authorized and directed to levy an assessment against each stockholder of 100 per cent. of the par value of the stock held by each.

Plaintiffs have filed a petition asking that they be credited with the 50 per cent. paid by them under the assessment levied by the board of directors in March, 1930, so that their stockholders' liability may be reduced 50 per cent. They claim that they were misled into paying the first assessment under the mistaken belief that it would produce a solvent bank; that actually the bank was in such dire distress at that time that the payment thus exacted could not have saved it from failure; that after payment of this assessment, a very large amount of the assets of the bank had to be written off at the demand of the banking commissioner; and that under all these circumstances, equity and good conscience should prompt the court to come to their rescue.

We need not recite further details. We are not at all unmoved by the plight of petitioners, but this court has no right to abrogate the statutes relative to banking in the State of Michigan. The 50 per cent. assessment was levied in order to save petitioners' investment. It is somewhat in the nature of an assessment *in rem,* and had petitioners declined to pay it, their stock might have been sold,

under the law, and they would then have lost a chance to save their entire investment. See 3 Comp. Laws 1929, § 11941. Petitioners, however, chose to pay the assessment. Unfortunately, instead of improving, conditions became worse, and the bank could not be saved. The fact that attorneys for receivers of two other banks in Pontiac, Michigan, appear in opposition to this petition is significant of the condition of the banks of that city. Irrespective of any equitable consideration shown by petitioners, the question has frequently arisen in other States and it has been universally held that an assessment levied to keep a bank a going concern has no effect to discharge any part of the statutory double liability of stockholders. *Andrews* v. *Farmers' Trust & Savings Bank of Charles City,* 204 Iowa, 243 (213 N. W. 925, 56 A. L. R. 521, and note); *Citizens' Bank of Lane* v. *Needham,* 120 Kan. 523 (244 Pac. 7, 45 A. L. R. 1202, and note); *Andrews* v. *State, ex rel. Blair, Supt. of Banks,* 124 Ohio St. 348 (178 N. E. 581, 83 A. L. R. 141, and note); *Duke, Supervisor of Banking,* v. *Force,* 120 Wash. 599 (208 Pac. 67, 23 A. L. R. 1354, and note); *Bates* v. *Clarion Savings Bank,* 217 Iowa, 741 (252 N. W. 138).

The order of the lower court is affirmed, but without costs.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.