FIRST NATIONAL BANK-DETROIT v. TENNANT.

Banks and Banking—Assessment for Stock Impairment.

Since assessment levied to restore an impairment of bank's capital is on the stock and specific method of enforcing collection provided, where voluntary payment is not made, is by sale of the stock itself, payment cannot be enforced by suit against a living stockholder nor by filing a claim against estate of deceased stockholder and, hence, it is not allowable as an expense of administration (3 Comp. Laws 1929, § 11941).

Appeal from Macomb; Reid (Neil E.), J. Submitted January 9, 1935. (Docket No. 39, Calendar No. 37,988.) Decided March 5, 1935. Rehearing denied April 11, 1935.

Bill by First National Bank-Detroit and another against Mabelle Tennant, administratrix *de bonis non* with will annexed of the estate of Matthew Slush, deceased, to have bank stock impairment assessment declared an expense of administration. Bill dismissed. Plaintiffs appeal. Affirmed.

*Robert S. Marx,* for plaintiffs.

*Lynch & Hinks,* for defendant.

North, J. This is a suit in chancery brought against the estate of Matthew Slush, deceased. At the time of his death Mr. Slush owned stock in the Guaranty State Bank of Detroit. He died testate, having named in his will two executors of his estate. About a year after his death the Guaranty State Bank consolidated with the American State Bank of Detroit. The executors voted in favor of this consolidation, surrendered the stock of the Guar-

anty State Bank and received in lieu thereof stock in the American State Bank issued in the name of Matthew Slush. Some time later the commissioner of the banking department upon examination found impairment of the capital of The American State Bank. He directed a 100 per cent. stock assessment; and the bank directors levied the assessment accordingly. The assessment on the stock standing in the name of Matthew Slush was not paid. This suit was brought both by the American State Bank and by its successor, First National Bank-Detroit, to enforce payment of the assessment by the estate of Matthew Slush, deceased. The relief sought was denied and plaintiffs have appealed.

The specific relief sought was that the American State Bank stock issued in the name of Matthew Slush be decreed to be the property of his estate; and that the stock assessment made thereon be decreed to be "an expense of administration."

For the purpose of decision herein it is wholly immaterial whether the stock issued became the property of the estate of the deceased or whether the executors had the power to make the exchange of stock. The assessment sought to be enforced against the estate was levied under 3 Comp. Laws .1929, § 11941. So far as material it reads:

"Whenever it shall appear from the report of any bank, or the commissioner shall have reason to believe that the capital of any bank is impaired or reduced below the amount required by law, it shall be the duty of the commissioner and he shall have the power to examine the said bank and ascertain the facts, and in case he finds such impairment or reduction of capital he shall require such bank to make good the deficiency. * * * The directors of every such bank upon which such requisition shall

have been made, *shall levy an assessment upon the stock thereof* to repair such deficiency.''

As stated in the quoted statute the assessment is ''upon the stock,'' not one against the stockholders, and the statute prescribes a specific method of collecting the assessment if not voluntarily paid. This method is by sale of the stock itself. *Reichert* v. *Peoples State Trust & Savings Bank*, 267 Mich. 543. Payment of such an assessment cannot be enforced by suit against a living stockholder or by filing a claim against the estate of a deceased stockholder. It is not an expense of administration and therefore cannot be allowed as such.

The decree dismissing the bill of complaint is affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. FEAD and BUSHNELL, JJ., did not sit.